USCA1 Opinion

 

 June 16, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1208 ANDREW SMITH, Plaintiff, Appellant, v. BRIAN HITCHCOCK, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ___________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ___________________ Andrew G. Smith on brief for appellant. _______________ Neal H. Sahagian and O'Neil, DiCicco, Sahagian & Powers on _________________ ______ _______ ________ ______ brief for appellee. __________________ __________________ Per Curiam. Plaintiff-appellant Andrew Smith ___________ appeals the district court's direction of a verdict for defendant-appellee, Brian Hitchcock, on appellant's intentional infliction of emotional distress claim. We summarily affirm. In June 1990, Smith made an unauthorized entry upon the property of Hitchcock, a member of the Marblehead Police Department. During the entry Smith destroyed some property owned by Hitchcock. Hitchcock pursued Smith and, after a brief struggle, apprehended him a short distance away. Smith testified that, after being apprehended and after all resistance had ceased, he was punched in the face by Hitchcock five times. Hitchcock, and other witnesses, denied that any punching had occurred. Smith asserted three claims at trial. First, he alleged that his federal civil rights, pursuant to 42 U.S.C. 1983, had been violated by the use of excessive force during the course of his arrest. Second, he asserted a common law claim of assault and battery. Third, he claimed that Hitchcock had intentionally inflicted emotional distress upon him. All claims were predicated on the allegation that Hitchcock had punched Smith after he had been apprehended. At the close of Smith's presentation of evidence, the court granted Hitchcock's motion for a directed verdict on the claim of intentional infliction of emotional distress. -2- The jury subsequently found for Hitchcock on the other two claims. Smith appeals only the directed verdict. To recover on a claim for intentional infliction of emotional distress under Massachusetts law, a plaintiff must show "a defendant intended to inflict emotional distress or knew or should have known that emotional distress was a likely consequence of his conduct, . . . his conduct was extreme and outrageous . . . and . . . his conduct caused the plaintiff severe emotional distress." Nancy P. v. D'Amato, ________ _______ 401 Mass. 516, 520, 517 N.E.2d 824, 827 (1988). Smith's appeal fails for two reasons. First, Smith did not present sufficient evidence to support a jury verdict on this claim since he did not introduce any evidence that he suffered severe emotional distress from the alleged punching. Second, in light of the jury charge, the verdicts for Hitchcock on the excessive force and assault and battery claims necessarily were predicated on a finding that no unreasonable force was used by Hitchcock during the course of the arrest, in other words, that Hitchcock's conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Foley v. Polaroid _____ ________ Corp., 400 Mass. 82, 99, 508 N.E.2d 72, 82 (1987) (defining ____ "extreme and outrageous" conduct) (quoting Restatement -3- (Second) of Torts 46 comment d (1965)). These verdicts, therefore, preclude a finding of intentional infliction of emotional distress and render harmless any error which might have occurred in the direction of the verdict for Hitchcock. See Senra v. Cunningham, 9 F.3d 168, 174 (1st Cir. 1993) ___ _____ __________ (jury finding of no excessive force precludes finding of malicious prosecution and renders error in directed verdict harmless); see also Dean v. Worcester, 924 F.2d 364, 369 (1st ___ ____ ____ _________ Cir. 1991) (summary judgment required on claim of intentional infliction of emotional distress where summary judgment appropriate on claims of excessive force and assault and battery). Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -4-